PLATTSMOUTH WATER COMPANY, APPELLEE, V. ANSELMO
B. SMITH ET AL., APPELLANTS.

FILED FEBRUARY 9, 1899.   NO. 8554.

1. **Review:** EVIDENCE.  The decision of a trial court on litigated
matters of fact will not be disturbed on review, if sustained by
sufficient evidence, or as a conclusion from all the evidence, it
is not manifestly wrong.

2. **Waters:** RIPARIAN RIGHTS.  Riparian owners upon streams of water
are entitled, in the absence of grant, license or prescription, to
the usual, natural flow of water in the streams, without ma-
terial alteration.

APPEAL from the district court of Cass county.  Heard
below before CHAPMAN, J.  *Affirmed.*

*Allen Beeson* and *Jesse L. Root*, for appellants.

*A. N. Sullivan* and *John A. Davies, contra.*

HARRISON, C. J.

The appellee, the Plattsmouth Water Company, fur-
nished, through its system of water-works, the water
used in the city of Plattsmouth, and was the owner of
a tract of land on which was situated its pumping ap-
paratus, pump house, etc.  It drew at the time of the
inception of this suit the greater portion of the water
required from a channel, or, as it was called by some wit-
nesses, a "slough," which had its course near the pump
house, through a tract of land in the angle formed by the
confluence of the Platte and Missouri rivers, and there
flowed through this channel—for such it was whether
merely a slough or not—water which entered it from the
Platte river.  It is contended herein on behalf of one
party that this channel was all within and a part of the

bed of the Missouri river, and but a portion of the water
of said river which here had pursued its way through a
sand bar, apparently, for a short distance separated from
the main body of the water of the stream. The head of
the channel was at or near the mouth of the Platte river,
or at or near where the Platte river emptied into the
Missouri. The flow of water in the channel was not at
one season of the year sufficient in quantity to fully an-
swer the purposes of the water company; and to increase
the supply the company ordered to be constructed at the
head of the channel what is termed in the evidence a
"dam," the effect of which was to deflect from its course
in the Platte river a larger quantity of water than would
ordinarily be the case, and cause it to run down the
channel. The company at some points along the channel
had removed accumulations, principally of sand, which
were obstructing the free flowage of the water, and had
by such action increased the volume of water in the
channel. The appellants had taken steps, or were about
to proceed, to remove the company's dam or put in an-
other which would counteract or destroy the effective-
ness of the one belonging to the company, and also the
other work it had done in the removal of obstructive
material from the channel; and, to enjoin them, the
company instituted this action. The appellants an-
swered, and with some admissions and denials of the
matters stated in the petition, in affirmative pleas, as-
serted ownership of the land through which the channel
had its course, and also that on which the company had
placed its dam, and performed the other labor on or in
the channel, and asked that the company be enjoined
from going upon appellants' land and opening channels,
or doing anything which would cause the water to flow
from the main channel of the Platte river over or upon
the said land. Issues were joined, and at the close of a
trial thereof the court made a general finding for the
water company, and also the following:

"The court finds that the plaintiff furnishes water to

the city of Plattsmouth for fire protection, and to its citizens for family use and other purposes. The court further finds that plaintiff derives its supply of water from a well-defined channel in the Missouri river as it lawfully might. The court further finds that in seasons of low water that a portion of the water of the Platte enters the Missouri river through said channel, and that said channel has been in existence since the first government survey. The court further finds that the acts of plaintiff in taking water from said channel and in keeping the channel open was a reasonable use of said channel, and does not infringe the rights of the riparian owners. The court further finds as a conclusion of law that the plaintiff is entitled to the relief prayed for, to which findings the defendants except.".

A temporary injunction had been granted at the commencement of the action, which was as follows: "Upon the duly verified petition in this cause, and for good cause shown, it appearing to me that the plaintiff is entitled to an injunction restraining the defendant from obstructing the channel through which the plaintiff derives its water supply, through the west half of section 6, in township 12 north, of range 14 east of the sixth P. M., in Cass county, Nebraska, it is therefore ordered that a temporary injunction be granted in this cause restraining the defendant, his agents and employés, from obstructing the channel through said described land, or diverting the water which it used by the plaintiff and collected in its settling basins, or in any manner annoying, harassing, or disturbing the plaintiff in the quiet enjoyment of its franchise in furnishing water to the city of Plattsmouth, and its citizens thereof, upon the plaintiff entering into an undertaking in the sum of $300 conditioned as required by law."

The final decree was as follows: "It is therefore ordered by the court here that the injunction heretofore granted be, and the same hereby is, made perpetual, enjoining the defendants, and each of them, from di-

verting the waters of said channel or interfering or molesting the plaintiff in the use of the waters in said stream, according to its chartered duties and powers in furnishing the city of Plattsmouth and its citizens a suitable supply of water."

It was shown by plats of the different tracts of land just where the meander line of the United States survey of land adjacent to the Platte and Missouri rivers ran, and it was also shown that the piece of land which had been purchased by the water company was east of this meander line, or within what was at one time the bed or channel of the Missouri river. Indeed, it was shown that all of this land which was, incidentally at least, within the inquiries of this suit was once of the channel of the Missouri river, and that the water had another course, further to the east, to which it had gradually receded, and occupied, leaving in the main, or at first entirely, a bed or sand bar, some portions of which had been more or less thickly covered with a growth in some places of small timber, and in others of small willows and brush. At or near, and to the east of the pump house, it was shown to be a sand bar. It was further shown that all this land, during freshets or high waters, had been submerged,—wholly covered by the water of the Missouri river. The evidence also disclosed that quite a large portion of this land was included within the boundary or meander line of the government survey, and had been conveyed as fractional parts of sections of land; and of some of these fractions or lots, as they were designated on the plat, and through which the stream of water from which at a lower point the water company pumped its supply, the appellants had apparently become the owners, and been in possession. For the appellants it is urged that the findings and judgment are not sustained by the evidence. Of the findings, the one that the company obtained or derived its supply from a channel which at that point was in the bed of the Missouri river was correct; but of the quantity of water

taken, or that it was so taken at this specific point, there was no complaint, and the appellants were not doing anything when this suit was instituted to interfere with the mere act of procuring a supply of water, and at the particular place, but the appellants were, it was pleaded, about to or had done things which would destroy the effectiveness of the company's efforts to increase the flow of water through the slough or channel.

We think best to here insert a statement relative to the ownership of, or the rights in or to, the land which was the site of the acts and operations which have resulted in this suit. The appellants claimed to own all this land inclusive of the place at which the water company erected the dam to turn water from the Platte river into the channel or slough through which it would flow to and beyond where its works were situated; and the appellants did show, to some portions of this land, a chain of title to which the United States patent furnished the first or inceptive link, and the conveyance to them, or one of them was, the last link added. Of the land on which the water company built the dam and removed sand from the slough which it was in evidence was but a sand bar, and that adjacent thereto the appellants had what purported to be conveyances of the titles to them or one of them; but there was no evidence from which it appeared the grantors of said conveyances ever had any titles to or rights in the lands described in the conveyances. To these last mentioned portions or pieces of the land the appellants did not show a title by conveyance, nor by acts of occupation which will, if continued for the statutory time, give title or ownership. Where the dam was put in, the evidence in this case discloses, was on a lot in a section, and within the meander line of the Platte and Missouri rivers, relative to the land within the angle of their confluence; and where the greater portions of the work of removal of sand from the slough was performed was in a sand bar of the Platte river.

The injunction which was granted to the water company, which we have quoted, was fully warranted by the evidence and the law applicable. The appellants could clearly not successfully claim to divert the water which flowed down this channel from its course, and diminish the quantity which would naturally run through the channel and pass by the property of the water company. The latter was entitled to such flow of the water undiminished from its regular, natural volume. It must be borne in mind that we do not decide, for it is not presented, any question of the water company's right to take from the stream any particular quantity of water, or water to supply the city residents or citizens. We but decide that it was entitled to have the usual, natural, regular quantity of the water in said stream flow uninterruptedly, and without material diminution or alteration, through the channel to or past its property. (Gould, Waters [2d ed.] sec. 204.)

We now turn to the question of the right of the appellants to an injunction against the water company and its performance of certain acts. The appellants did not show the entry by the water company upon any lands which were owned by appellants. They did show that the water company had gone upon land near that owned by appellants, and thereby had done certain things which had resulted in an increase in the flow of water in the slough and through lands which appellants owned. Actions for diminution of the quantity of water which usually and naturally flows by or through tracts of land are frequent; but for the increase of the quantity suits are, or rather have been, infrequent. That such an action will lie, see *Tillotson v. Smith*, 32 N. H. 90; *Gerrish v. New Market Mfg. Co.*, 30 N. H. 478; *Thompson v. Crocker*, 9 Pick. [Mass.] 59; *Chapman v. Thames Mfg. Co.*, 13 Conn. 268. There was some evidence introduced, more in the nature of conclusions than facts, which might probably have supported a finding that there had been some acts of the water company by which the flow of water upon,

through, or over the land owned by appellants had been appreciably or materially increased; but whether this was true was a matter of fact, and we cannot say from a review of all the competent evidence that a contrary finding, or that it had not been shown that there had been such a material change, or increase or decrease, from the wonted flow of the water as to be such an infringement of the appellants' rights that a court of equity should intervene, was manifestly wrong; hence we cannot alter the decision of the court on this branch of the case. The decree of the district court, to the extent it enjoined the appellants from diverting from the channel or slough the flowage of the natural volume or quantity of water, and its denial of relief to appellants, is

AFFIRMED.